**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**GREGORY L. GILL   # 188858**                                                    **PETITIONER**

**versus**                                                                    **NO. 1:19cv716-HSO-RHW**

**MARSHALL TURNER, Superintendent**                                        **RESPONDENT**

<u>REPORT AND RECOMMENDATION</u>

Before the Court are [1] the Petition for Writ of Habeas Corpus filed by Gregory L. Gill pursuant to 28 U.S.C. § 2254, and [7] Respondent's December 6, 2019 motion to dismiss the petition as untimely filed, or alternatively for failure to exhaust.   Gill's only response to Respondent's motion is a January 28, 2020 "rebuttal brief" in which he contends his habeas petition was timely filed because he filed it within a year of the conclusion of his post-conviction proceedings in state court.   [9]   Having reviewed and considered the pleadings, records on file, and relevant legal authority, the undersigned is of the opinion that the motion should be granted, and Gill's petition for federal habeas relief, dismissed.

<u>Facts and Procedural History</u>

On February 3, 2014, Gregory Gill entered guilty pleas to two counts of touching a child for lustful purposes in the Circuit Court of Hancock County.   He was sentenced the same day to 15 years in custody of the Mississippi Department of Corrections (MDOC) on each count, to run consecutively for a total of 30 years, with 15 years suspended and 15 years to serve, followed by five years reporting post-release supervision.   [7-1], [7-2]   According to the MDOC web site Gill is presently confined at Mississippi State Penitentiary at Parchman, MS, and his tentative release date is October 27, 2027.

Gill submitted a "Petition to Vacate Conviction and Sentence" signed July 5, 2016 and filed by the Hancock County clerk of court on July 29, 2026.   [8-1, pp. 3-10]   The Hancock

County Circuit Court denied this post-conviction motion by order entered September 22, 2016.

[8-1, pp. 11-14]   The Mississippi Court of Appeals affirmed the denial of post-conviction relief.

*Gill v. State*, 269 So.3d 207 (Miss. Ct. App. 2018), *reh'g denied*, October 2, 2018.   Gill signed

the petition now before this Court on October 8, 2019, and it was filed October 15, 2019.   [1]

Respondent seeks dismissal on grounds that the petition was untimely filed or alternatively that

Gill failed to exhaust state court remedies prior to filing suit.

Law and Analysis

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28

U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
by a person in custody pursuant to the judgment of a State court.   The limitation
period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United States is
removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized
by the Supreme Court and made retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

Mississippi law allows no appeal from a guilty plea (Miss. Code § 99-35-101), therefore

under § 2244(d)(1)(A) Gill's judgment of conviction became final February 3, 2014, the day he

pled guilty and was sentenced.   Absent a "properly filed" post-conviction application to toll the

limitations period, or some "rare and exceptional" circumstances warranting equitable tolling,

Gill's window for filing a federal habeas petition closed on February 3, 2015.  *See Grillette v. Warden*, *Winn Correctional Center*, 372 F.3d 765, 769 (5th Cir. 2004); *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998).   The limitations period is tolled under § 2244(d)(2) while a properly filed state post-conviction application is pending; an application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Flanagan v. Johnson*, 154 F.3d at 199, n.1. Because Gill filed no post-conviction motion before February 3, 2015, there is no statutory tolling of the limitations period.  *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d at 199, n. 1; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Gill's July 2016 post-conviction motion came too late.   An application for state post-conviction relief filed outside the limitations period does not affect the one-year time bar for federal habeas relief; it does not toll the limitation period under § 2244(d)(2).   *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the period of limitations had expired did not toll the limitation period under §2244(d)(2)).   A petition which cannot be initiated or considered because it fails to include a timely claim is not properly filed.   *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citing *Artuz,* 531 U.S. at 10).   The undersigned finds no tolling pursuant to 28 U.S.C. § 2244(d)(2) in this case.

The undersigned further finds that Gill has presented nothing to warrant equitable tolling of the statute to excuse his untimely filing of the petition in this court.   Equitable tolling is permitted only in "rare and exceptional circumstances."  *Scott v. Johnson*, 227 F.3d at 263; *Felder v. Johnson*, 204 F.3d 168, 170-171 (5th Cir. 2000) (proceeding *pro se*, inadequacies in a prison law library, or lack of knowledge of filing deadlines do not constitute rare and exceptional circumstances to justify equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (neither ignorance of the law nor limited access to outside information constitute rare and

exceptional circumstances to excuse untimely filing).   A "garden variety claim of excusable

neglect such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not

warrant equitable tolling."   *Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011).

To be entitled to equitable tolling, a petitioner must show he has been pursuing his rights

diligently, and that some extraordinary circumstance prevented him from timely filing.   *Holland*

*v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418).   "Under long-established

principles, petitioner's lack of diligence precludes equity's operation."   *Pace*, 544 U.S. at 419

(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

> Equitable tolling … applies principally where the plaintiff is actively misled by the
> defendant about the cause of action or is prevented in some extraordinary way from
> asserting his rights.   As a consequence, neither excusable neglect nor ignorance of the
> law is sufficient to justify equitable tolling.

*Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682

(5th Cir. 2002)); *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Lookingbill v. Cockrell*,

293 F.3d 256, 264 (5th Cir. 2002); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).   Gill

has not shown he was actively misled or was prevented in some extraordinary way from

asserting his rights.   The fact that his post-conviction motion was timely filed under *state* law,

and that he filed his federal habeas petition within a year of the conclusion of the post-conviction

proceedings in *state* court avails him nothing, because he allowed the federal statute of

limitations to expire before commencing post-conviction proceedings.   His belief that his

petition was timely filed is mistaken, and does not constitute a "rare and exceptional

circumstance" to excuse his late filing.   *Fisher*, 174 F.3d at 713; *Felder*, 204 F.3d at 170.   The

AEDPA statute of limitations expired February 3, 2015; Gill filed no post-conviction motion

until seventeen months later, in July 2016.   In *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir.

2001), the Court upheld denial of equitable tolling due to a four-month filing delay.   The

undersigned finds Gill has failed to meet his burden to establish he is entitled to equitable tolling.

The undersigned is of the opinion that Gill's habeas petition should be dismissed with prejudice as untimely filed.

Respondent submits that even if Gill's petition were not time-barred, it should be dismissed for failure to exhaust state court remedies because Gill did not present his claims to the state's highest court in a procedurally proper manner before filing suit.   Since he failed to seek *certiorari* review, Gill allowed the time for seeking such review to expire, and the mandate issued in October 2018.   Gill therefore failed to proceed in a procedurally proper manner under state law, and can no longer meet the exhaustion requirement, which warrants dismissal with prejudice.   *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).   In *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995), the Fifth Circuit Court of Appeals stated that, when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review."   (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)).   "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas relief."   *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).   When a petitioner's own procedural default renders state remedies unavailable, federal courts are barred from reviewing his claims.   *Sones*, 61 F3d at 416; *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review).

Gill's procedural default precludes federal habeas review unless he can show cause for the default and actual prejudice or that it will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent

and adequate state procedural rule); *see also Wilder v. Cockrell*, 274 F.3d 255, 262 (5th Cir.

2001).   Respondent argues Gill has not shown, and cannot show, that any external impediment

prevented him from timely seeking *certiorari* review in the Mississippi Supreme Court, therefore

he cannot meet even the cause requirement.   *See United States v. Flores*, 981 F.2d 231 (5th Cir.

1993); *Coleman*, 501 U.S. at 753 ("there must be something *external* to the petitioner, something

that cannot fairly be attributed to him") (emphasis in original).   The undersigned agrees that

nothing before this Court shows Gill's failure to file for *certiorari* review in state court resulted

from any external impediment.   Without a showing of cause, the Court need not address the

prejudice element since both cause and prejudice must be shown.   And the "fundamental

miscarriage of justice" exception is confined to cases of actual innocence, where the petitioner

shows, as a factual matter, that he did not commit the crime of conviction."   *Fairman v.

Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.

1995)).   While "actual-innocence is not an independently cognizable federal *habeas* claim," if

proven it can allow for review of an otherwise untimely claim.   *Foster v. Quarterman*, 466 F.3d

359, 367 (5th Cir. 2006); *Reed v. Stephens*, 739 F.3d 753, 766-767 (5th Cir. 2014); *McQuiggin v.

Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence … serves as a gateway through which a

petitioner may pass whether the impediment is a procedural bar … or … expiration of the statute

of limitations.").   However, to open the gateway for federal habeas review the petitioner must

(1) present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts or critical physical evidence;" (2) which "was not presented at trial;" and (3)

in light of which, "it is more likely than not that no reasonable juror would have found petitioner

guilty beyond a reasonable doubt."   *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v.

Delo*, 513 U.S. 298, 317, 324-327 (1995)); *McQuiggin*, 569 U.S. at 386 (a credible showing of

actual innocence requires that the petitioner produce new evidence sufficient to persuade the

Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Gill has produced no such evidence, and it must be remembered that he pled guilty to the crimes for which he was convicted.

## RECOMMENDATION

Based upon the foregoing, the undersigned finds Gill's petition was untimely filed, that he is not entitled to statutory tolling or equitable tolling of the limitations period, and that he has failed to make the requisite showing for application of any actual innocence, miscarriage of justice exception to the statute of limitations. The undersigned further finds Gill failed to exhaust state remedies prior to filing the habeas petition, and cannot now exhaust his claims in state court, which would also warrant dismissal of the petition. The undersigned recommends that Respondent's motion to dismiss be granted, and Gill's petition, dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may serve and file with the Clerk of Court his written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Responses to objections may be filed within seven days after service of the objections. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 7th day of April 2020.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE