IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GREGORY L. GILL**                                                     **PETITIONER**

**v.**                                            **CIVIL NO. 1:19cv716-HSO-RHW**

**MARSHALL TURNER,**
**SUPERINTENDENT**                                                   **RESPONDENT**

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [11], GRANTING RESPONDENT'S MOTION [7] TO DISMISS, AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE</u>**

BEFORE THE COURT are Respondent Marshall Turner's Motion [7] to Dismiss and United States Magistrate Judge Robert H. Walker's Report and Recommendation [11], which recommends granting the Motion [7] to Dismiss and dismissing Petitioner Gregory L. Gill's Petition [1] for Writ of Habeas Corpus with prejudice. After due consideration of the Motion [7] to Dismiss, the Report and Recommendation [11], and relevant legal authority, the Court finds that Respondent's Motion [7] to Dismiss should be granted, that the Magistrate Judge's Report and Recommendation [11] should be adopted, and that Gill's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

I.  BACKGROUND

A.  Factual background

On February 3, 2014, Petitioner Gregory L. Gill ("Gill") pleaded guilty in the Circuit Court of Hancock County, Mississippi, to two counts of touching a child for lustful purposes. State Ct. R. [8-2] at 29-30. Gill was sentenced to a total term of imprisonment of 30 years in the custody of the Mississippi Department of Corrections ("MDOC") with 15 years of this term to be served incarcerated under the control and supervision of MDOC, and the remaining 15 years to be suspended and served by way of five years of reporting post-release supervision and any remainder by non-reporting post-release supervision pursuant to Mississippi Code § 47-7-34. *Id.* at 24.

Proceeding pro se, Gill filed a "Petition to Vacate Conviction and Sentence" in the Circuit Court of Hancock County on July 5, 2016. State Ct. R. [8-1] at 3-10. The circuit court denied this Motion on September 22, 2016, *id.* at 11-14, and this denial was affirmed by the Mississippi Court of Appeals on February 13, 2018, *Gill v. State*, 269 So. 3d 207, 216 (Miss. Ct. App. 2018), *reh'g denied* (Oct. 2. 2018). Gill did not seek a writ of certiorari from the Mississippi Supreme Court.

B.  Procedural history

On October 8, 2019, Gill filed in this Court a pro se Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a person in state custody. Pet. [1]. Respondent has filed a Motion to Dismiss [7] pursuant to 28 U.S.C. § 2244(d),

2

arguing that the Petition is untimely and should be dismissed with prejudice. Mot. [7] at 1-2. In the alternative, Respondent argues that the Petition is subject to dismissal because Gill failed to exhaust his available state court remedies. *Id.* at 7. Gill responded on January 28, 2020, Resp. [9], and Respondent has filed a Reply [10].

On April 7, 2020, the Magistrate Judge entered a Report and Recommendation [11] that the Motion to Dismiss be granted and that the Petition be dismissed with prejudice as time-barred. R. & R. [11] at 7. The Magistrate Judge further found that Gill had failed to exhaust his state court remedies. *Id.* A copy of the Report and Recommendation was mailed to Gill at his address of record. Neither party has filed an objection to the Report and Recommendation, and the time for doing so has passed. *See id.*

## II.  DISCUSSION

Where a petitioner files objections to a magistrate judge's Report and Recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made" (emphasis in original)). A court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir.

3

2000). Nor is a court required to reiterate the findings and conclusions of the magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

However, where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections made."). In such cases, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Neither Gill nor Respondent have filed any objection to the Report and Recommendation. The Court thus need only review the Report and Recommendation to evaluate whether it is clearly erroneous, an abuse of discretion, or contrary to law. *See id.* Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* Even under a de novo review, it is clear that the Petition is time-barred pursuant to 28 U.S.C. § 2244(d), and that, in the alternative, Gill failed to exhaust his state court remedies. Dismissal is warranted.

### III.  CONCLUSION

The Court concludes that the Magistrate Judge's Report and Recommendation [11] should be adopted as the finding of the Court, that

Respondent's Motion [7] to Dismiss should be granted, and that Gill's Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [11], entered in this case on April 7, 2020, is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Marshall Turner's Motion [7] to Dismiss is **GRANTED**, and Petitioner Gregory L. Gill's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 12th day of May, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE